UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant, | Case No.: 1:15-cv-00218-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT-INTERVENOR'S MOTIONS TO INTERVENE**<br><br>**(Docket No. 8, 24)** |

Now pending before the Court is the Motion to Intervene (Dkt. 8) filed by Challis Creek Cattle Co., LLC, Herb H. Whitworth, Walter H. and Debbie D. Johnson, James S. and Colleen Babcock, Churndasher Ranch, Scott McAffee, Logan E. Williams Jr. and Tyrel Williams, Bart and Tina Wojciechowski, Dickey Livestock Inc., Mountain Springs Ranch, LLC, Shane D. Rosenkrance, and Clinton Bitton and Ester Bitton Family Limited Partnerships, No Tellum Creek Ranch, LLC, 6X Ranch, Terrance and Carol Donahue, and Vernon and Cecilia Joanne Roche (hereinafter "Copper Basin Permitees"). Plaintiff Western Watershed Project ("WWP") takes no position on the motion and Defendant United States Forest Service ("the Forest Service") did not file a response. Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

## I. BACKGROUND

This action challenges the Forest Service's authorization of livestock grazing on four allotments in the Copper Basin area of the Big Lost River watershed, within the Salmon-Challis National Forest. WWP alleges that such grazing damages fisheries habitat on these allotments and the authorization of such grazing violates the National Forest Management Act ("NFMA").

**MEMORANDUM DECISION AND ORDER - 1**

In May 2015, the Forest Service authorized grazing on the Copper Basin allotments for the 2015 season through the Annual Operating Instructions ("AOI").  WWP alleges the 2015 AOIs fail to consider the 1995 Inland Native Fish Strategy, Environmental Assessment, Decision Notice and Finding of No Significant Impact ("INFISH")[1] Riparian Management Objectives ("RMOs").  WWP requested various types of relief, including injunctive relief prohibiting grazing on the Copper Basin allotments.

The proposed Defendant-Intervenors include permittees of the Wildhorse allotment, the Boone Creek allotment, the Antelope allotment, and the Copper Basin allotment.  The proposed Defendant-Intervenors state that they have been grazing on the Copper Basin allotments for years and, for some, decades.  They contend that the relief requested by Western Watershed would be devastating to their ranching operations and the families and communities which rely upon such operations.

## II. DISCUSSION

**A.     Legal Standard**

FRCP 24(a) contains the standards for intervention as of right, and it states in pertinent part:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

---

[1] INFISH was an interim strategy implemented to maintain inland native fish populations by reducing the risk of loss of populations and reducing potential negative impacts to aquatic habitat in 22 different National Forests.

**MEMORANDUM DECISION AND ORDER - 2**

The Rule has been distilled by the Circuit into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *See Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). In general, the Court must construe FRCP 24(a) liberally in favor of potential intervenors. *See id*. at 818. Moreover, the Court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id*. However, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

B.  **Defendant-Intervenors Have a Right to Intervene**

There is no dispute that proposed Defendant-Intervenors' application for intervention is timely – the first factor. Consideration of the second and third factors – whether the proposed Defendant-Intervenors may suffer, as a result of this lawsuit, an impairment of a "significantly protectable" interest – calls on the Court to follow "practical and equitable considerations and construe the Rule broadly in favor of proposed intervenors." *Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011). For instance, is there an "interest protectable under some law" and is there "a relationship between the legally protected interest and the claims at issue"? *Id*. at 1180. A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id*.

**MEMORANDUM DECISION AND ORDER - 3**

Here, the proposed Defendant-Intervenors claim a longstanding interest in the continued use of grazing on the Copper Basin allotments:

> Granting any or all of Plaintiff's relief would devastate the Copper Basin Permittees' livestock operations. Copper Basin permittees hold livestock grazing permits for the Copper Basin Allotments that are part of the Plaintiff's Complaint . . . The temporary or permanent suspension of use of the Copper Basin Allotments in this case would have an immediate and devastating impact on the Copper Basin Permittees' ranching operations . . . For one, eliminating grazing on the Copper Basin Allotments would require Defendant-Intervenors to sell a significant portion of their cattle at a loss . . . . In addition, Plaintiff's requested relief would impact several Copper Basin Permittees' state land permits authorizing grazing on state lands, which run in conjunction with federal grazing permits . . . In this case, any financial loss to the business leads directly to financial hardship for the Copper Basin Permittees' families. The ranching business provides the sole source or a substantial portion of income for the Copper Basin Permittees.

Mem. in Supp. of Mot. to Intervene, pp. 9-10 (Dkt. 9).

Moreover, the proposed Applicant-Intervenors argue that if Plaintiff's requested relief is granted, there would be a negative impact upon the employment of the Copper Basin Permittees' families and hired hands (*Id*. at 11) which would also negatively impact the agricultural and livestock based local economies. (*Id*.)

These arguments meet the second and third elements which require that the proposed Defendant-Intervenors have a "significantly protectable" interest that could be impaired by this litigation. *See, e.g.*, *Western Watersheds Project v. U.S. Fish and Wildlife Service*, 2011 WL 2690430 (D. Idaho 2011) (granting intervention upon showing that relief might consist of mitigation measures that could have substantial effect on permits held by proposed intervenors).

The fourth factor examines whether the proposed Defendant-Intervenors' interests are already adequately represented by the Forest Service. To resolve this issue, the Court must consider:

**MEMORANDUM DECISION AND ORDER - 4**

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg*, 268 F.3d at 822.  The prospective intervenor must demonstrate that the existing parties may not adequately represent its interest.  *See id*.  However, only a "minimal" showing is needed. *Id*.  The focus should be on the "subject of the action," not just the particular issues before the court at the time of the motion.  *See id*.

Here, the proposed Defendant-Intervenors were not named as defendants; but WWP alleges that they are among those involved with grazing sheep on the Copper Basin Allotments to the detriment of fish habitat.  *See, e.g.*, Compl., pp. 9 & 10, ¶¶ 25-27 & 37 (Dkt. 1) ("Past and present grazing practices have caused substantial habitat degradation in the Big Lost River basin.  Grazing impacts the vigor, composition, and amount of natural vegetation.  Changes in vegetation that result from grazing can increase erosion, decrease streambank stability, and reduce the amount of shade and vegetative cover. . . According to INFISH, most of the negative effects on riparian vegetation throughout the intermountain west are caused by excessive grazing.").  In other words, the proposed Defendant-Intervenors have a first-hand knowledge of the Copper Basin allotments and, likewise, may have insights that the existing parties lack, factors which demonstrate that their interests may not be adequately represented by the Forest Service.  *See, e.g., Western Watersheds Project*,  2011 WL 2690430, at *4 (finding that cattle ranchers may have special insights into sage grouse habitat on the land they have ranched for generations).  Additionally, the Forest Service is charged with protecting many different interests, and those other interests may not run exactly parallel to, or fully account for, the interests of the proposed Defendant-Intervenors.  *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d

**MEMORANDUM DECISION AND ORDER - 5**

893, 899 (9th Cir. 2011) ("the government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'") (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009)).

The proposed Defendant-Intervenors have made at least a "minimal" showing on inadequacy, and have demonstrated that they meet all the requirements for intervention as of right. Accordingly, the Court will grant the motion for intervention. However, to ensure against redundancy, the Court will require counsel for the Defendant-Intervenors to take special efforts to ensure that their briefing and arguments are not redundant with those of the Forest Service, and counsel for Defendants should seek to avoid duplication of arguments.

### III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the Defendant-Intervenors' Motions to Intervene (Dkt. 8, 24) are GRANTED. The parties shall revise the case caption accordingly, and use the revised case caption for all future filings.

DATED: **November 23, 2015**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**