**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. FOREST SERVICE,<br><br>Defendant,<br><br>CHALLIS CREEK CATTLE CO., LLC, *et al.*,<br><br>Defendant-Intervenors. | Case No.: 1:15-cv-00218-REB<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION TO SUPPLEMENT AND AMEND COMPLAINT (Dkt. 65)** |

Currently pending before the Court is Plaintiff Western Watershed Project's Motion to Supplement and Amend Complaint (Dkt. 65).

**BACKGROUND**

Plaintiff Western Watersheds Project ("Western Watersheds") seeks to amend its complaint following briefing and a hearing on cross-motions for summary judgment. Initially, Western Watersheds sought to amend its complaint to include two additional set of allegations: (1) Sediment Standard 5(f); and (2) the 2016 AOIs. Western Watersheds briefed its argument regarding Sediment Standard 5(f) in its motion for summary judgment (*see* Dkt. 34). However, the Forest Service did not respond to this argument, claiming Western Watersheds had not pleaded this issue its complaint and there were documents missing from the administrative record that addressed Sediment Standard 5(f). Following a status conference held on February 1,

2017, Western Watersheds agreed to withdraw the portion of its motion that addressed the 2016 AOIs and only seek leave to amend, at this time, on Sediment Standard 5(f). The Court allowed additional briefing on motion to amend/supplement as to the Sediment Standard and now issues the following order.

**MOTION TO AMEND**

The Ninth Circuit has held that "when issues are raised in opposition to a motion to summary judgment that are outside the scope of the complaint, [t]he district court should have construed [the matter raised] as a request pursuant to rule 15(b) of the Federal Rules of Civil Procedure to amend the pleadings out of time." *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Apache Survival Coal. v. United States*, 21 F.3d 895, 910 (9th Cir. 1994)). Such "leave to amend 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Forest Service contends that Western Watersheds should have sought leave to amend when the Forest Service first responded its in cross-motion to summary judgment that Western Watersheds had not included the Sediment Standard in its Complaint and that there were documents missing from the administrative record. While it is true that Western Watersheds could have moved to amend at that time, the fault does not only lie with Plaintiff. Subsequent to Western Watersheds filing of its motion for summary judgment where it raised the Sediment Standard, the Forest Service lodged a second supplemental administrative record. (*See* Dkt. 43.)

It could have chosen to include records on the Sediment Standard at that time and it did not. Undoubtedly, this motion has delayed the case, as has the regrettable delay in the Court's ruling on the motion. Nonetheless, the Court is guided here in the interest of justice by the overarching principle of the Federal Rules of Civil Procedure - "to facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Therefore, the Court will allow Western Watersheds to amend its complaint to include Sediment Standard 5(f). This allows a full presentation on the merits as to claims and defenses to include those, for justifiable reasons, may have become apparent only after the pleadings were filed.

**ORDER**

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion to Amend/Supplement Complaint (Dkt. 65) is GRANTED as to Sediment Standard 5(f). Plaintiff shall file its amended complaint within 10 days.

2) The Forest Service will have 28 days to supplement the administrative record on this issue.

3) Plaintiff may file a supplemental brief 21 days after the lodging of the supplemental administrative record on the Sediment Standard 5(f) issue only. Such brief shall not exceed 20 pages.

4) Responsive briefing will be due 21 days after Plaintiff's brief and limited to 20 pages.

5) A reply brief, if any, will be due 14 days after the responsive briefing and limited to 10 pages.

IT IS SO ORDERED.




DATED: **March 27, 2017**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge