**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant,<br><br>CHALLIS CREEK CATTLE CO., LLC, *et al.*,<br><br>Defendant-Intervenors. | Case No.: 1:15-cv-00218-REB<br><br>**ORDER ON PLAINTIFF'S MOTION TO STRIKE (Dkt. 50)** |

Currently pending before the Court is Plaintiff's Motion to Strike Extra-Declarations (Dkt. 50). Plaintiff seeks to strike three declarations that the Forest Service includes in support of its motion for summary judgment. (*See* Dkt. 46-4, 46-5, 46-6). Plaintiff contends that these extra-record declarations are post-hoc rationalizations that the Forest Service is attempting to use to retroactively justify its actions. The Forest Service counters that declarations were submitted to assist the Court in understanding and applying technical information in the record.

Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court. *Southwest Ctr. for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). There are a limited number of exceptions to the allowance of materials not contained in the administrative record: "(1) if admission is necessary

to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record it is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (*quoting Southwest Ctr*., 100 F.3d at 1450). The Court will apply these rules of APA review in addressing the motion

The Court agrees that some of the information in these declarations can be argued to constitute post-hoc rationalizations, and thus improper for the Court to consider. However, portions of these declarations provide explanation and context for information in the administrative record. For example, in the Gamett Declaration (Dkt. 46-5), he explains context for certain standards that are found in the record, such as Riparian Management Objections (RMOs). *See, e.g.*, Gamett Decl., ¶¶ 9-12. *See also* Archer Decl. (Dkt. 46-6), ¶¶ 5-12; Weaver Decl. (Dkt. 46-4) ¶¶ 7-8, 13, 15-19.

The Court will strike the majority of these declarations as they contain post-hoc rationalizations. However, some portions of the declarations do help to explain complex subject matter and the Court will consider those portions to the extent necessary to aid in its consideration of technical terms and/or complex subject matter in the administrative record. Specifically, the Court will strike all portions of these declarations *except*: Weaver Decl. (Dkt. 46-4) ¶¶ 1-2,7-8, 13, 15-19; Gamett Decl. (Dkt. 46-5) ¶¶ 1-3, 9-16; Archer Decl (Dkt. 46-6) ¶¶ 1-4, 5-12.

**ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Extra-Record Declarations (Dkt. 50) is GRANTED IN PART and DENIED IN PART.

DATED: **March 31, 2017**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge